[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds that the income of the defendant father has increased substantially since the existing order was set in July, 1995. There has been a substantial change of circumstances and there is a substantial deviation from the child support guidelines. The motion to modify is granted.
The defendant father reports his income to be $449.20 per week gross and $327.20 net. However, he failed to include overtime. He testified that he gets four hours of overtime every second week. He gets paid time-and-a-half for these hours. Averaging in the overtime the court finds the defendant's average weekly gross to be $482.89 with an average weekly net income of $382.74. Giving him credit for existing support orders for other children, the guidelines indicate a $70.00 per week order.
The court finds that strict application of the child support guidelines is inequitable and inappropriate. The court finds that deviation criteria (b)(5) (coordination of total family support) CT Page 10147 and (b)(6)(F) (other equitable considerations) apply. The defendant has four other minor children subject to varying support orders, several of which are likely to be modified upward. In order to establish an equitable result for all of the children, the court has imputed the appropriate support order for the other children. In this way, the appropriate order is set for this child yet leaving the respondent sufficient income to provide support at an appropriate level for the other children.
The motion to modify is granted. The support order is modified to $56.00 current support with the $5.00 per week arrearage order remaining unmodified*. The order is retroactive to May 1, 1999.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate